JEFFREY B. FADDEN AND ARLISS F. FADDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fadden v. Commissioner
Docket No. 10202-83.
United States Tax Court
T.C. Memo 1984-388; 1984 Tax Ct. Memo LEXIS 289; 48 T.C.M. (CCH) 642; T.C.M. (RIA) 84388; July 26, 1984. Jeffrey B. Fadden, pro se. Stuart D. Gibson, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax and an addition to tax in the following amounts: Addition to tax
Year
Deficiency
Under Section 6653(a) [1]
1980
$6,276
$314
The following issues remain for our decision: (1) Whether the petitioners are entitled to claim deductions for "Factors Discount on Accounts Receivable-Resold" ($14,628.90), and advisors fees ($1,400), in connection with the petitioner's participation in a plan for assignment of his income to avoid income tax for the year *290 1980. (2) Whether the petitioners are entitled to claim deductions for alleged bad debts and worthless securities on their 1980 returns in the following amounts: a. Holland Development Bankruptcy
$1,500.00
b. Sheffield Watch
$ 695.63
c. Bruce Manufacturing
$ 562.64
d. York Enterprises
$ 663.50
(3) Whether there is due from the petitioners for the taxable year 1980, the addition to tax for negligence or intentional disregard of rules and regulations pursuant to section 6653(a). (4) Whether damages should be awarded to the United States under section 6673 for petitioners instituting or maintaining proceedings before this Court primarily for delay or based on frivolous or groundless claims. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. The facts are simple and basically uncontested. During 1980 petitioner Jeffrey B. Fadden was employed as an airplane and power plant mechanic for Northwest Airlines, receiving gross wages of $37,674.65. On August 5, 1980, the petitioner executed an "entrusted personal services contract," purporting to sell his lifetime services to a trust. Both before and after *291 the date he executed the personal services contract, Mr. Fadden performed services for Northwest Airlines, and checks were issued to him for such services. The petitioner deposited his paychecks to his bank account and wrote checks to either Professional and Technical Services (P&TS) or International Dynamics, Inc. (ID) in the exact amount of his salary. Petitioner then received back from an entity called IDI Credit Union an amount equal to approximately 90 percent of his paychecks. On line 8 of his 1980 return, the petitioner reported gross wages of $37,674.65, and on line 21, he claimed a deduction of $14,628.90. Although line 21 does not state the nature of the deduction, the petitioner claimed the deduction in connection with his participation in the entrusted personal services contract. In addition to purportedly conveying his lifetime services to the trust, during 1980 the petitioner allegedly paid to Gerald Landsberger or Frank Forrester (or to entities controlled by these individuals), the amount of $1,400, ostensibly as advisors fees for the administration of this plan, or for other alleged financial advisory services. The petitioner claimed a deduction for this $1,400 *292 on line 31 of Schedule A attached to his 1980 return. Petitioners claimed a loss of $1,921.77 on a Schedule D (Capital Gains and Losses) from the alleged worthlessness during 1980 of stock held by petitioners in Sheffield Watch, Bruce Manufacturing and York Enterprises. Sheffield Watch's corporate charter was cancelled in 1977. Petitioners also claimed a deduction of $1,500 arising from "Holland Development Bankruptcy." During 1970, petitioner paid $1,500 to Holland Development Company for the construction of a building. This building was never built and Holland Development Company was involved in bankruptcy proceedings during 1971 and 1972. OPINION This case is virtually identical to , as to the transactions involved, the documents utilized, and the individuals and entities that were parties to the arrangements with petitioners. We noted in , that these cases "[present] yet another device by which a taxpayer seeks to avoid paying income taxes on his earnings." As in Benningfield, the facts before us present a contrived and artificial mechanism *293 for assigning petitioners' income and receiving the bulk of it back again. We agree with Benningfield that this is clearly not permissible under the tax laws. See also . Also for the reasons stated in Benningfield, we disallow petitioners' deduction for financial counseling. Petitioners introduced virtually no evidence to sustain their claim for deductions for bad debts and worthless securities, and accordingly we also sustain respondent on this issue. Petitioners also failed to produce any evidence that they were not negligent in filing the return here in question, and we sustain respondent's imposition of the addition to tax for negligence.Section 6653(a); . The final issue is whether damages should be awarded to the United States for petitioners instituting or maintaining proceedings before this Court primarily for delay or based on groundless or frivolous claims. See section 6673. Mr. Fadden appeared and represented himself at trial.He was an intelligent and articulate man who was familiar with the double trust issue. Petitioner *294 was a witness in a trial involving identical issues last fall (Korkowski v. Commissioner, docket numbers 2477-81, 7342-82), in which a bench decision was rendered on the strength of The transcript in that trial includes Findings of Fact and Opinion issued as a Bench Decision. In the transcript, the "device" before the Court was referred to as "a flagrant attempt to assign wage income earned by the petitioner." Additionally, in sustaining an injunction issued by the District Court against the principal promoter of these double trust devices, the Eighth Circuit noted that the contention that these devices are effective to avoid income tax "is entirely frivolous." . The Eighth Circuit made it unequivocally clear that these frivolous contentions had no merit under the income tax law. Petitioner was thoroughly familiar with that Opinion. Respondent asked that the damages be awarded in his trial memorandum, and at calendar petitioner was warned that if he pursued in trying the case the Court would consider imposing damages up to the full amount permissible under *295 law. Nevertheless, petitioner appeared for trial and the case was tried. At that time he attempted to pursue other frivolous issues having to do with the privacy act that had not been involved in this dispute before. Accordingly, we feel that damages are appropriate in this case. Petitioner knowingly instituted a frivolous proceeding simply and primarily for purposes of delay. We have set forth our reasons for awarding damages under these circumstances. ; . See also , and . In view of the resources that have been consumed in attempting to deal with petitioners' frivolous claims, and the persistent pursuit of these claims by petitioners knowing that they are frivolous and groundless, we award damages of $3,500 to the United States pursuant to section 6673. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩